IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ELAINE CUTLER, | : | NO: 4:14-CV-01758 |
| | : | |
| Plaintiff, | : | (Judge Brann) |
| | : | |
| v. | : | |
| | : | |
| BELLEFONTE AREA SCHOOL | : | |
| DISTRICT and JERRY STEINER, | : | |
| an individual, | : | |
| | : | |
| Defendants. | : | |

**MEMORANDUM**
March 16, 2015

Before the Court for disposition is Defendant Jeffrey Steiner's Motion to Dismiss Plaintiff's Complaint. (ECF No. 11). For the following reasons, Defendant's Motion is granted and the defamation claim within Plaintiff Elaine Cutler's Complaint is dismissed with prejudice.

**I.     BACKGROUND**

On September 9, 2014, Plaintiff Elaine Cutler filed a Complaint with this Court alleging unlawful discrimination against Bellefonte Area School District and defamation against individual defendant, Jeffrey Steiner. (ECF No. 1). Plaintiff specifically alleges that, by terminating her as principal of Bellefonte

1

Elementary School, Defendant Bellefonte Area School District violated the Age Discrimination in Employment Act, Americans with Disabilities Act, and the Pennsylvania Human Relations Act.  Against individual Defendant Jeffrey Steiner, Plaintiff alleges a state law claim of defamation.  This claim of defamation arises from statements made by Defendant in his capacity as a school board member for the Bellefonte Area School District.  Specifically, at a September 10, 2013 public hearing before the school board, Defendant Steiner stated that he needed to "quantify for people to understand" the decision to terminate Plaintiff.  He then described the cause for termination of Plaintiff as including her perpetration of "three (3) Class A Felonies and misdemeanors."

On November 12, 2014, Defendant Jeffrey Steiner filed a Motion to Dismiss and an accompanying Memorandum of Law arguing that he was entitled to absolute immunity as a "high public official" and that Plaintiff's complaint failed to state a claim upon which relief can be granted. (ECF No. 12).  On November 26, 2014, Plaintiff filed a Brief in Opposition to Defendant's Motion arguing that Defendant Steiner was ineligible for absolute immunity because his statements went beyond his official authority as a member of the Bellefonte Area school board. (ECF No. 14).  Defendant subsequently filed a Reply Brief on December 3, 2014, (ECF No. 15), bringing the case to its present posture.

## II. DISCUSSION

### A. MOTION TO DISMISS STANDARD

When considering a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), a court must view all allegations stated in the complaint as true and construe all inferences in the light most favorable to plaintiff. Hishon v. King & Spaulding, 467 U.S. 69, 73 (1984); Kost v. Kozakiewicz, 1 F.3d 176, 183 (3d Cir. 1993). However, "the tenet that a court must accept as true all of the [factual] allegations contained in the complaint is inapplicable to legal conclusions." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (internal citations omitted). In ruling on such a motion, the court primarily considers the allegations of the pleading, but is not required to consider legal conclusions alleged in the complaint. Kost, 1 F.3d at 183. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Iqbal, 556 U.S. at 678. At the motion to dismiss stage, the court considers whether plaintiff is entitled to offer evidence to support the allegations in the complaint. Maio v. Aetna, Inc., 221 F.3d 472, 482 (3d Cir. 2000).

A complaint should only be dismissed if, accepting as true all of the allegations in the amended complaint, plaintiff has not pled enough facts to state a claim to relief that is plausible on its face. Bell Atlantic Corp. v. Twombly, 550

U.S. 544, 561 (2007). "Determining whether a complaint states a plausible claim for relief will ... be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Iqbal, 556 U.S. at 663–664. "In considering a Rule 12(b)(6) motion, we must be mindful that federal courts require notice pleading, as opposed to the heightened standard of fact pleading." Hellmann v. Kercher, No. 07–1373, 2008 WL 1969311 at * 3 (W.D.Pa. May 5, 2008) (Lancaster, J.). Federal Rule of Civil Procedure 8 "requires only a 'short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the ... claim is and the grounds on which it rests'." Bell Atlantic Corp. v. Twombly, 550 U.S. at 554 (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). However, even under this lower notice pleading standard, a plaintiff must do more than recite the elements of a cause of action, and then make a blanket assertion of an entitlement to relief. See Hellmann, 2008 WL 1969311 at *3. Instead, a plaintiff must make a factual showing of his entitlement to relief by alleging sufficient facts that, when taken as true, suggest the required elements of a particular legal theory. See Twombly, 550 U.S. at 561. "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not "shown"—"that the pleader is entitled to relief." Iqbal, 556 U.S. at 679 (quoting

FED.R.CIV.P. 8(a)).

The failure-to-state-a-claim standard of Rule 12(b)(6) "streamlines litigation by dispensing with needless discovery and fact-finding." Neitzke v. Williams, 490 U.S. 319, 326–27 (1989). A court may dismiss a claim under Rule 12(b)(6) where there is a "dispositive issue of law." Id. at 326. If it is beyond a doubt that the non-moving party can prove no set of facts in support of its allegations, then a claim must be dismissed "without regard to whether it is based on an outlandish legal theory or on a close but ultimately unavailing one." Id. at 327.

B. ANALYSIS

Accepting as true all of the allegations contained in Plaintiff's Complaint, the Court nevertheless finds that Defendant Jeffrey Steiner is entitled to absolute immunity because of his status as a "high public official." Because this immunity exempts him from liability for defamatory statements, this Court grants Defendant's Motion to Dismiss Plaintiff's claim of defamation. Furthermore, because a finding of absolute immunity for Defendant is entirely dispositive as to Plaintiff's defamation claim, the Court's analysis will be restricted to that discussion.

In Pennsylvania, high public officials are exempted from "all civil suits for damages arising out of false defamatory statements and even from statements or

actions motivated by malice, provided the statements are made or the actions are taken in the course of the official's duties or powers." Smith v. Borough of Dunmore, 633 F.3d 176, 181 (3d Cir.2011) (quoting Lindner v. Mollan, 544 Pa. 487, 677 A.2d 1194, 1195 (Pa.1996)).  This doctrine of absolute immunity for high public officials has been expanded beyond defamation to exempt officials from liability arising from claims of retaliatory discharge, loss of consortium, invasion of privacy, and intentional infliction of emotional distress.  Kobrick v. Stevens, No. 13-2865, 2014 WL 4914186 at *14 (M.D.Pa. Sept. 30, 2014) (Mannion, J.) (citing Kelleher v. City of Reading, 2001 WL 1132401, at *4 (E.D.Pa. Sept. 24, 2001)).  By excusing high public officials from civil suit for defamatory statements made while exercising their duties and powers, absolute immunity fulfills the deeper purpose of encouraging frank discussion by high public officials and thus, protecting "society's interest in the unfettered discharge of public business and in full public knowledge of the facts and conduct of such business." Osiris Enterprises v. Borough of Whitehall, 877 A.2d 560, 566 (Pa.Cmwlth. 2005) (citing Montgomery v. City of Philadelphia, 392 Pa. 178, 182, 140 A.2d 100, 102 (1958)).

    To determine if an individual defendant qualifies as a high public official for purposes of absolute immunity, the court must consider, on a case-by-case

basis, "the nature of [the official's] duties, the importance of his office, and particularly whether ... he has policy-making functions." Behne v. Halstead, No. 13-0056, 2014 WL 1689950 at *26 (M.D.Pa. April 29, 2014) (Rambo, J.) (quoting Zugarek v. Southern Tioga School Dist., 214 F.Supp.2d 468, 479 (M.D.Pa. 2002) (McClure, J.)). Applying these factors to public school district officials, the late Judge James F. McClure, Jr., of this Court, stated that superintendents and school board members "entrusted with a policymaking role for the School District, are high public officials entitled to absolute immunity from state law suits when acting in their official capacity." Zugarek, 214 F.Supp.2d at 479; see also Kohn v. School Dist. of City of Harrisburg, 817 F.Supp.2d 487, 512 (M.D.Pa. 2011) (Caldwell, J.); Poteat v. Harrisburg School Dist., 33 F.Supp.2d 384, 396 (M.D.Pa. 1999) (Caldwell, J.). This entitlement to absolute immunity is unlimited for claims of defamation so long as the statements made by the official are made in the course of his official duties and within the scope of his authority. See McKibben v. Schmotzer, 700 A.2d 484 (Pa.Super.Ct.1997). While the initial determination of absolute immunity is a question of law, the question of whether the privilege has been abused is to be resolved by a jury "unless the facts are such that but one conclusion can be drawn." Montgomery v. City of Philadelphia, 392 Pa. 178, 184 fn. 4 (1958).

In the present case, Plaintiff concedes that Defendant Steiner is a high public official who would be entitled to absolute immunity for the alleged defamatory statements he made while serving as a Bellefonte Area school board member.  Plaintiff argues, however, that Defendant's comments were "well outside [his] position and authority as a member of the Bellefonte Area School Board."  Therefore, Plaintiff argues that these statements constitute an abuse of the absolute immunity privilege and that Defendant is subsequently not entitled to its protection.

Although Plaintiff concedes that the determination of absolute immunity is a question of law appropriate for the court, she argues that the subsequent determination of whether the privilege has been abused is a question of fact which should be reserved for a jury.  In support of this proposition, Plaintiff cites <u>Graham v. Avella Area School District</u> in which the court denied a motion to dismiss a defamation count against a school director on the grounds that "the plaintiff may be able to prove facts which establish the defendant is not entitled to claim immunity because his actions went beyond his official authority."  <u>Graham v. Avella Area School District</u>, No. 05-1344, 2006 WL 1669881 at *5 (W.D.Pa. June 14, 2006).  Further review of this opinion reveals, however, that the court's conclusion was based on the plaintiff's allegations that the defendant had falsely

accused her of having a sexual affair with a former principal and that the defamation continued long after the plaintiff's last day of work. Id.

Unlike the plaintiff in Graham, Plaintiff in the instant case did not allege facts which could establish that Defendant's actions went beyond his official authority. Specifically, unlike in Graham where the defendant school board member was alleged to have continued making defamatory comments after the plaintiff's last day of work, Defendant Steiner is alleged to have made all the comments at issue while at the public school board hearing and at no other time. Furthermore, Defendant in the instant case was commenting on the school district's cause for terminating Plaintiff. Although his characterization of the school district's cause may have been excessive, indeed regrettable, discussion of Plaintiff's termination and his opinion concerning the board's vote for termination falls within his authority as a school board member. Therefore, unlike the defendant's egregious actions in Graham, only one conclusion can be drawn from the Plaintiff's allegations concerning whether the privilege of absolute immunity has been abused. The determination is, therefore, a question of law appropriate for court disposition.

### III. CONCLUSION

In sum, this Court finds that Defendant was entitled to absolute immunity

concerning the statements made at the September 10, 2013 public hearing and that his statements did not constitute an abuse of that immunity. As previously discussed, these statements were made concerning Plaintiff's termination as a district employee and were within Defendant's authority to make as a school board member at a public meeting. Because the veracity or existence of malice behind Defendant's statement is immaterial as long as the high public official is acting within his duties or powers, Defendant is entitled to absolute immunity as a high public official against Plaintiff's claim of defamation.

For the foregoing reasons, Defendant Jeffrey Steiner's Motion to Dismiss Plaintiff's Complaint will be granted. An appropriate Order follows.

BY THE COURT:

<u>/s Matthew W. Brann</u>
Matthew W. Brann
United States District Judge